Argued May 21, affirmed as modified July 2, 1979

In the Matter of the Marriage of
MILLER, *Respondent,*
*and*
MILLER, *Appellant.*
(No. 78-510-E-3, CA 13095)
596 P2d 1018

Allen G. Drescher, Ashland, argued the cause and filed the brief for appellant.

Thomas C. Howser, Ashland, argued the cause for respondent. With him on the brief was Cottle, Howser, Hampton & Cue, Ashland.

Before Schwab, Chief Judge, Tanzer, Richardson and Roberts Judges, and Peterson, Judge Pro Tempore.

TANZER, J.

[47]

**TANZER, J.**

Husband appeals, challenging the spousal support provisions of a decree dissolving a 17-year marriage. Husband was ordered to pay monthly spousal support of $400 for two years and $300 for four years. The decree also divided property and ordered husband to pay child support of $250 per month for each child. The children were born in July, 1962, and September, 1968.

Husband complains that he is unable to make both child and spousal support payments, but we are persuaded that the amount set by the trial court is not clearly wrong. *McCoy and McCoy,* 28 Or App 919, 927, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977). The obligation will be difficult for husband to meet, but it will also be temporary. It would not be edifying to detail the facts.

The basis for the award of spousal support is that wife desires to return to school to learn accounting. She has taught school and could presently obtain less remunerative employment, but experience has shown those pursuits to be unsatisfactory for her due to her temperament. Accounting appears to be a realistic endeavor. The accounting course will take two or three years, depending on whether she attends part time or full time. Three years would seem more realistic for a custodial parent who will probably need to work to supplement her income.

The controlling principle is stated in *Grove and Grove,* 280 Or 341, 571 P2d 477 (1977): the purpose of spousal support should be to enable the nonworking spouse to become self-supporting. The duration should be geared to the process of achieving independence and should not be perpetual. Applying that principle to this case, spousal support is justified for a period of three years from November 1, 1978, at the rate of $400 per month.

[49]

We do not perceive a reason for extending the obligation of spousal support for six years as did the trial court. Wife suggests that it may have been the trial court's intention to soften the financial effect of termination of child support, but that consideration is premature: we do not now know when that obligation will end. Problems of adequacy of child support may be dealt with as new circumstances arise. We recognize that spousal support cannot be determined in isolation from other factors in the financial mix, but we see no reason to extend it speculatively in this case.

Affirmed as modified. Costs to neither party.